IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CADENCE EDUCATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-2092-JTM-TJJ |
| | ) |
| JAMES L. VORE, PATRICIA VORE, | ) |
| J. BRANDON VORE, SARAH VORE, | ) |
| and FHD, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel Production and Overrule Objections (ECF No. 64). Pursuant to Fed. R. Civ. P. 37, Plaintiff requests that the Court overrule the objections asserted by Defendants J. Brandon Vore, Sarah Vore, and FHD, Inc. (collectively Defendants)[1] and compel them to produce documents responsive to Plaintiff's First Requests For Production of Documents Nos. 6, 10, 13–15, 17, 27, 36–37, 39–47, and 51. As explained below, the motion is granted in part and denied in part.

**I.    BACKGROUND FACTS**

Plaintiff, the operator of a private preschool, brings this action to recover rent payments, interest, and late charges it claims Defendant FHD, Inc. is obligated to pay under a commercial property Sublease. It also asserts claims for breach of contract, unjust enrichment, fraud or fraudulent inducement, civil conspiracy, and reformation and breach of reformed contract.

---

[1] All Plaintiff's claims against defendants James L. Vore and Patricia Vore were dismissed without prejudice on July 5, 2017. ECF No. 42.

Defendants assert three counterclaims. They allege as the bases for their counterclaims that Plaintiff took computer servers belonging to Brandon Vore, which contained Sarah Vore's stored electronic research and data, from locked rooms at the school;[2] Plaintiff exceeded its license, disconnected, unplugged and removed equipment, and trespassed into other parts of the space in which it had no right, title or interest;[3] and Plaintiff exceeded its limited license to redirect website address from the servers to equipment located in other space.[4]

The parties made reasonable efforts to confer as required by D. Kan. Rule 37.2, and Plaintiff's Motion to Compel has been fully briefed.

## II.  OBJECTIONS TO OMNIBUS TERMS USED IN ALL DISPUTED REQUESTS FOR PRODUCTION

Defendants object to all nineteen of the disputed Requests based upon their use of omnibus terms like "relating to" or "concerning" with respect to a general category of documents. They argue that Requests asking for "[a]ll documents relating to" or "reflecting" general categories or groups of documents render the Requests overly broad and unduly burdensome because such broad language makes arduous the task of deciding which of numerous documents may conceivably fall within the scope of each Request.  Defendants also argue Plaintiff's broad definition of the word "documents" makes it nearly impossible to ascertain the scope of the documents responsive to each Request.

Plaintiff argues that Defendants ignore decisions holding that the use of omnibus phrases like "all documents" is not objectionable if anchored to particular categories of information. It

---

[2] Ans. ¶¶ 4–22, ECF No. 15.

[3] *Id.* at ¶ 26.

[4] *Id.* at ¶ 25.

claims all the Requests at issue are specifically pegged to substantive issues implicated by the parties' claims and defenses, as opposed to objectionable general requests for all documents relating to this case.

"The use of omnibus terms—such as 'relating to,' 'pertaining to,' or 'concerning'—may signal an overly broad [discovery] request when the term modifies a general category or broad range of documents."[5] The rationale is that a discovery request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[6] When, however, the omnibus phrase "modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face."[7]

The Court finds Plaintiff's use of the introductory phrase "all documents relating to" in their Requests does not make each Request per se objectionable. The Court has reviewed all the Requests in dispute and finds the omnibus terms do not modify general categories or a broad range of documents, but instead otherwise modify sufficiently specific types of information, documents, or events.  Defendants' objections to the Requests on grounds that they ask for "all"

---

[5] *Cooper Clinic, P.A. v. Pulse Sys., Inc.*, No. 14-1305-JAR-GLR, 2017 WL 396286, at *3 (D. Kan. Jan. 30, 2017) (citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (internal citations omitted)).

[6] *Cardenas*, 232 F.R.D. at 381 (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995)).

[7] *Id.* (citing *Audiotext*, 1995 WL 625962, at *6) ("If an omnibus phrase modifies a sufficiently specific type of information or document, the request may survive an objection that it is overly broad. If it modifies general categories of information or documents, however, the request may be objectionable on its face.").

documents and associated omnibus words such as "relating to" specified topics are therefore overruled.

## III.   REQUEST-SPECIFIC OBJECTIONS

Defendants assert specific objections to Plaintiff's Requests 6, 10, 13–15, 17, 27, 36–37, 39–47, and 51. They also suggest many of these Requests be substantively limited to a particular place (e.g., the school's second floor server room), or a particular time period. The Court will address Defendants' objections and proposed limitations to each of the disputed Requests in turn below.

### A.   Request 6 (Counterclaim timing documents)

Request 6 asks Defendants to produce "[a]ll documents relating to any decision by Defendants, and the reasons for any such decision, to assert the Counterclaims in March 2017, instead of asserting the Counterclaims at an earlier time." Defendants responded:

> On or about the time the destruction of the servers was discovered, Defendant Sarah Vore had an unexpected and potentially life-threatening health issue requiring hospitalization,  As a result, Sarah and her husband, Defendant Brandon Vore, made the decision to forgo or postpone litigation and focus their time and attention on Sarah's health and their [family].[8]

Defendants admit that health records exist, but object to producing them, claiming they are private and confidential, not relevant to either party's claims or defenses, not likely to assist in resolving the issues, and would be unduly burdensome to produce.

Plaintiff argues it would be "grossly unfair" to shield Ms. Vore's health-related documents from discovery. Plaintiff contends these documents are relevant to liability issues on Defendants' counterclaims, and potentially relevant to Plaintiff's defenses such as estoppel, waiver, or abandonment. According to Plaintiff, the requested documents are relevant because

---

[8] Defs.' Resp. to First Req. for Prod. at 5, ECF No. 65-3.

4

Defendants did not notify Plaintiff anything was missing for months, even though Defendants now claim equipment and data worth more than $1 million is missing, and even though any confusion or ambiguity about the equipment or data might have been resolved or clarified with prompt notice. The requested documents are also relevant to whether Defendants' delay reflects on the merits of the counterclaims and shows those counterclaims were asserted merely as after-the-fact retaliatory measures. According to Plaintiff, Defendants are unwilling to stipulate that they will not argue to the jury that the delay in reporting the alleged conversions and in asserting the counterclaims was for health reasons. Thus, Plaintiff contends it needs the requested documentation to determine whether Defendants' explanation is pretextual. Plaintiff contends the protective order in place would address any confidentiality concerns.

Defendants argue Request 6 seeks irrelevant private health information of Ms. Vore. They contend Plaintiff is requesting these documents so that it can attempt to suggest Ms. Vore's health issues did not exist or were not serious enough to justify Defendants' decision to forgo suing Plaintiff. They also contend discovery regarding their decision of when to assert the counterclaim would invade the attorney-client privilege. Defendants maintain that requiring production of documents reflecting Ms. Vore's private health issues would unnecessarily cause embarrassment and invite further abusive and harassing discovery.

The Court finds the details of Ms. Vore's medical issues set out in her personal health records are not relevant or are of such marginal relevance to the issues in this case as to be outweighed by the potential harm to Defendants from the disclosure of such private and highly personal health information. The Court finds, however, that Defendants' response to Request 6 expressly states "on or about the time the destruction of the servers was discovered" Ms. Vore experienced a serious health issue "requiring hospitalization," and therefore hospital billing

records reflecting when Ms. Vore was hospitalized may be relevant to when this discovery occurred and to Defendants' explanation for their delay in asserting their counterclaims. The Court therefore sustains Defendants' relevancy objection to production of Ms. Vore's health records, except that the Court will compel Defendants to produce all hospital billing records reflecting Ms. Vore's hospitalization "on or about the time [they allege] the destruction of the servers was discovered" and any other hospital billing records that support Defendants' assertion Ms. Vore and her husband "made the decision to forgo or postpone litigation and focus their time and attention on [Ms. Vore's] health and their [family]." Plaintiff's motion to compel is granted in part with respect to Request 6.

### B.   Request 10 (Counterclaim leased space documents)

Request 10 seeks "[a]ll documents relating to any space maintained by any Defendant in any building or facility leased to Plaintiff, including but not limited to any space at Canterbury Preparatory School or any space on the second floor of the building alleged in paragraphs 4-5 and 15-16 of the Counterclaims, along with documents relating to each item that is or was located or stored in such space."

Defendants served the following response to Request 10:

Defendants will produce responsive, non-privileged documents, if any, located after a reasonable and proportional search, *subject to* the terms of the Protective Order and the following objections. The Request invades the attorney client privilege, the attorney work product doctrine, or other privileges by seeking documents to, from, or created at the direction of counsel, including correspondence by, with, or involving attorneys about the Counterclaims or the subjects in the Request. This request is overly broad and unduly burdensome, with regard to "any space maintained by any Defendant in any building or facility leased to Plaintiff" and as to "documents relating to each item that is or was located or stored in such space" as this request encompasses items not relevant or pertinent to this lawsuit. Defendants will attempt to reasonably construe this

6

> Request and produce any non-privileged documents relating to the servers destroyed, converted, or removed by [Plaintiff].[9]

Defendants' response is an improper conditional objection to Request 10.[10] As noted in *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC*, the practice of responding to discovery requests by asserting objections and then answering "subject to" the objections "is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."[11] Defendants' response is confusing and possibly misleading. Their statement that they "will produce responsive, non-privileged documents, if any" is subject to conditions (i.e. documents located after a "reasonable and proportional search" and after Defendants "reasonably construe" the request) and a lengthy laundry list of objections that make it impossible to discern what part or nature of documents requested the Defendants intend to produce or what they may be withholding based upon one of the many privileges or objections asserted.

Additionally, Defendants' conditional objection runs afoul of Federal Rule of Civil Procedure 34. Specifically, Rule 34(b)(2)(B) requires that a response to a request for production "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." A discovery response that states responsive documents, if any, will be produced after a search, subject to its objections is not an option under the Rule. Moreover, Rule 34 was amended in 2015 to provide that "[a]n

---

[9] Defs.' Resp. to Pl.'s First Req. for Produc. at 17, ECF No. 65-3 (emphasis added).

[10] *See Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2–3 (D. Kan. Feb. 11, 2014).

[11] *Id.* Even though the Defendants' conditional objection first states they will produce the requested documents and then states their "subject to" objections, whereas in *Sprint* the objections were stated first and followed by a statement that documents would be produced subject to the objection, the same rationale applies.

objection must state whether any responsive materials are being withheld on the basis of that objection."[12] The Rule also requires that "[a]n objection to part of a request must specify the part and permit inspection of the rest."[13] While Defendants' response seems to indicate that some responsive documents are being withheld, it fails to specify the particular part(s) of the Request to which Defendants object and permit inspection of the rest.

Accordingly, the Court finds that Defendants' conditional objection to Request 10 is improper and their objections to the Request are therefore waived. However, the Court notes Plaintiff, apparently conceding the Request is to some extent overly broad, has offered in briefing the motion to limit the scope of Request 10 in two significant ways: (a) with respect to location, to the server room on the second floor of Canterbury Preparatory School; and (b) with respect to time frame, to the period from one year prior to the Asset Purchase Agreement ("APA") to present. The Court will therefore limit Request 10 as offered by Plaintiff. The motion to compel with respect to Request 10 is granted, but limited in scope to the second floor of Canterbury Preparatory School and to the period from one year prior to the APA (November 13, 2014) to present.

### C.     Requests 13 and 14 (Communications with computer server companies)

Request 13 asks Defendants to produce "[a]ll documents relating to communications, invoices, payments, tickets, work orders, and contracts involving any Defendant . . . and Mike Hill or any other employee, representative, or agent of Micronet Technical Solutions . . . , including communications regarding any replacement server or any computer hardware, computer equipment, server(s), data, information, or research alleged in paragraphs 4-10 and 15-

---

[12] Fed. R. Civ. P. 34((b)(2)(C).

[13] *Id.*

20 of the Counterclaims." Request 14 asks for the same documents but between any Defendant and "Aaron Bono or any other employee, representative, or agent of Aranya Software Technologies."

In their responses to Requests 13 and 14, Defendants assert the same conditional objection they asserted in response to Request 10, quoted above ("Defendants will produce responsive, non-privileged documents, if any, located after a reasonable and proportional search, subject to the terms of the Protective Order and the following objections."). For the same reasons discussed above, with respect to Requests 13 and 14, the Court finds Defendants' responses are improper conditional objections. Accordingly, the Court finds that Defendants have waived their objections to these Requests. However, the Court, upon its own review, finds that these Requests are facially overbroad, and limitations should be imposed on the scope of the Requests.

Plaintiff's motion to compel with respect to Requests 13 and 14 is therefore granted, but their scope shall be limited to the servers at issue in the counterclaims asserted by Defendants and to any replacement server, and further limited to the time period of the calendar year 2016 and up to the filing of the original Counterclaim (ECF No. 15) on March 29, 2017.

### D. Requests 15 and 17 (Access to and items in locked room)

Request 15 seeks production of documents relating to the locked room at the school, "as alleged in paragraph 24 of the Counterclaims, including documents relating to the use of, the accessibility of, and the items that are or were located or stored in the room." Request 17 asks Defendants to produce documents "relating to the existence, nature, scope, timing, and duration of any license, approval, consent, directive, instruction, or permission for Plaintiff or others to enter" into the locked room on the school's second floor, "including as alleged in paragraphs 25-26 of the Counterclaims."

Defendants asserted the same conditional objections to Requests 15 and 17 as asserted to Request 10, quoted above. For the same reasons discussed above, with respect to Requests 15 and 17, the Court finds Defendants' responses are improper conditional objections. Accordingly, the Court finds that Defendants' conditional objections to Requests 15 and 17 are improper and their objections to these Requests are therefore waived. However, the Court finds that these Requests are facially overbroad to the extent that no time frame is designated. Plaintiff's motion to compel with respect to Requests 15 and 17 is granted, but Requests 15 and 17 shall be limited to the time period from one year before the APA (November 13, 2014) through present.

### E.     Request 27 (Use or occupation of Metcalf Avenue property)

Request 27 calls for Defendants to produce "[a]ll documents relating to the use or occupation of any portion of the Small Beginnings School or [the Metcalf Avenue property], both before and after the execution of the Sublease."

Defendants again asserted a conditional objection to Request 27, but only subject to attorney-client privilege and attorney work product objections. Accordingly, the Court finds that Defendants' conditional objection to Request 27 is improper and their objections to these Requests are therefore waived. Defendants also are deemed to have abandoned any privilege-based objections by failing to reassert them in their response to the motion to compel or by failing to produce a privilege log for withheld documents.[14]  Plaintiff's motion to compel with respect to Request 27 is granted.

---

[14] *See Booth v. Davis*, No. 10-4010-RDR, 2014 WL 3542059, at *1 (D. Kan. July 17, 2014) ("Objections initially raised but not asserted in the objecting party's response to a motion to compel are deemed abandoned.").

10

**F.       Request 36 (Communications between Defendants and Plaintiff's employees)**

Request 36 seeks all documents relating to any communications between Defendants and any current or former employee of Plaintiff, including sixteen specifically named individuals. Defendants did not assert a conditional objection, but instead just objected to the Request as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant material. They argue the Request seeks "any communications" regardless of content, between any Defendant and all Plaintiff's past and present employees and thus requires them to produce irrelevant communications having nothing to do with any claims or defenses in the case.

Plaintiff states in its motion that it has offered to narrow Request 36 to "communications between the identified parties that are also responsive to another non-objectionable request in" its First Requests. Defendants reject Plaintiff's proposal to limit the subject matter of the request to "another non-objectionable document request" as providing no limitation whatsoever. They also argue that Plaintiff's proposed narrowing of Request 36 is vague and ambiguous and calls for speculation as to who are "identified parties." Defendants ask the Court to deny Plaintiff's motion to compel as to Request 36 or, in the alternative, order Plaintiff to provide a list of key words or to propose some other mechanism to clarify and limit the scope of the request and enable all parties to know whether the request is reasonable and compliance has occurred.

In its reply, Plaintiff states that Request 36 merely seeks communications between Defendants and Plaintiff's current or former employees that are responsive to any other request that has not been eliminated by objections. It points out that it listed a number of its current or former employees as examples, and searching for communications with others associated with Plaintiff should not be difficult based upon the structure of its employee email addresses, which include its name as part of the email address. Plaintiff contends, as narrowed, there is nothing

vague or ambiguous about Request 36; the request is a backstop to ensure Defendants search for and produce all relevant communications with Plaintiff's employees.

The Court sustains Defendants' overly broad and relevance objections to Request 36. Request 36's unlimited and broad request for "any communications between Defendants and any current or former employee of Plaintiff," would necessarily require production of many communications with no relevance to any claim or defense in this case. Plaintiff, apparently recognizing this, offers to narrow Request 36 to "communications between the identified parties that are also responsive to another non-objectionable request in [its] First Requests." The Court finds this proposed narrowing does not narrow Request 36 in a meaningful and understandable manner. Plaintiff's motion to compel is denied with respect Request 36.

### G.     Requests 37, 39–44 (FHD, Inc. corporate and organizational documents)

Requests 37 and 39–44 ask Defendants to produce the following documents related to the entity FHD, Inc.:

> Documents sufficient to show all past and present employees, officers, directors, owners, shareholders, members, and partners of FHD, Inc., along with any predecessor, successor, or affiliate. (Request 37)
>
> All documents relating to the registration and status of FHD, Inc. as a corporate entity. (Request 39)
>
> Corporate governance documents of or relating to FHD, Inc., including any articles of incorporation, articles of organization, bylaws, and operating agreements, going back in time to FHD, Inc.'s date of incorporation or so far as is otherwise necessary to respond to this request. (Request 40)
>
> All minutes, recordings, summaries, or reports of meetings of FHD, Inc. referring to [Plaintiff] Cadence Education, James or Patricia Vore, the Lease, the Asset Purchase Agreement, the Sublease, the Canterbury Preparatory School, or the Small Beginnings School, including any meetings involving officers, directors, owners, members, managers, shareholders, groups, or committees of FHD, Inc., going back in time to FHD, Inc.'s date of incorporation or so far as is otherwise necessary to respond to this request. (Request 41)

12

> All documents relating to the capitalization of FHD, Inc. from the time it became or was recognized as a corporate entity to the present. (Request 42)
>
> All documents relating to the transfer of any capital or assets of FHD, Inc. to any other person or entity, going back in time to FHD, Inc.'s date of incorporation or so far as is otherwise necessary to respond to this request. (Request 43)
>
> Documents sufficient to show revenues, expenses, profits, and losses of FHD, Inc. (Request 44)

Although not asserting any conditional objections, Defendants provided the same response to each of the above Requests. They objected these Requests are irrelevant, overly broad and unduly burdensome, not likely to assist in the resolution of the claims, and the Requests invade the attorney-client privilege and attorney work product. They argue these Requests seek essentially every scrap of paper ever created by or about FHD, Inc. and every relationship between the Vores, FHD, and third parties. According to Defendants, none of this information is relevant, much less proportional to Plaintiff's claims regarding FHD, Inc.'s performance of the Sublease or Defendants' counterclaim that Plaintiff converted computer equipment. They contend information regarding the existence and formation of FHD, Inc. can be ascertained by searching the records of the Secretary of State's office without imposing any burden on Defendants. They argue there is no alter ego claim in the case and discovery as to FHD, Inc.'s ability to pay a judgment—or whether some other parties may be liable to pay a judgment as alter egos—is premature and irrelevant until such time as a judgment has been entered.

Plaintiff argues that documents relating to FHD, Inc. and/or FHD Holdings, Inc. are relevant to Plaintiff's contract, fraud, and conspiracy claims, as Brandon Vore signed the Sublease with Plaintiff on behalf of an entity identified as FHD, Inc. They are also relevant to confirming whether FHD, Inc. or FHD Holdings, Inc. existed and was properly formed and

13

maintained at the time the Sublease was executed, as well as to whether the FHD entity that signed the Sublease continues to exist with proper formation and maintenance.  Plaintiff states in its motion that during the meet-and-confer session, Defendants suggested FHD, Inc. is a misnomer and offered to produce the articles of incorporation and documents showing the identity of the officers and shareholders of FHD Holdings, Inc. Plaintiff states it has been unable to find any documents filed of record with the Kansas Secretary of State relating to FHD, Inc., but it has obtained certain information from the Secretary of State relating to FHD Holdings, Inc.

The Court overrules Defendants' objections to Requests 37 and 39–44.  The Court finds these Requests seek documents relevant to Plaintiff's fraud and conspiracy claims with respect to FHD, Inc., which is identified as a party to the Sublease at issue in this case. Defendants have not shown that production of the requested documents would be unduly burdensome, and their suggestion Plaintiff can obtain responsive documents from the Secretary of State is rebutted by Plaintiff's representation that it has not been able to obtain any documents filed with the Kansas Secretary of State regarding FHD, Inc.  The Court will therefore order Defendants to produce all documents responsive to these Requests. The Court, however, finds these requests are overly broad in that they have no time limitation and will temporally limit Requests 37, 39, 41, 43, and 44 to three years preceding the February 26, 2016 Sublease.

      **H.**      **Requests 45 and 46 (FHD, Inc. net worth and financial statements)**

Request 45 seeks "[d]ocuments sufficient to show the net worth of FHD, Inc.," while Rule 46 seeks "[a]ny financial statements, profit and loss statements, balance sheets, or tax returns of FHD, Inc." Defendants object to the Requests as seeking irrelevant material, as being overly broad and unduly burdensome, and as invading the attorney-client privilege and attorney work product doctrine.

14

Defendants' overly broad objection is sustained. Neither Request 45, nor Request 46 contains any limit on the number of years of financial documents to be produced. The Court also finds the financial documents requested by Requests 45 and 46 are largely duplicative of what is sought in Requests 42, 43, and 44. Under Fed. R. Civ. P. 26(b)(2), the Court is required to limit discovery if it determines "the discovery sought is unreasonably cumulative or duplicative." Finally, the Court finds the request for FHD, Inc.'s tax returns unfounded and unjustified. Under the two-pronged test for discovery of tax returns, the Court must find (1) the returns are relevant to the subject matter of the action and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.[15] Plaintiff has failed to convince the Court that its request for the tax returns of FHD, Inc. is relevant to the claims and defenses in this case. Plaintiff's motion to compel Requests 45 and 46 is therefore denied.

## I.     Request 47 (Defendants' relationships)

Request 47 asks Defendants to produce "[a]ll documents reflecting any relationship between J. Brandon Vore or Sarah Vore on the one hand, and FHD, Inc. or any other corporate entity in which J. Brandon Vore, Sarah Vore, James Vore, or Patricia Vore have any ownership or management interest on the other hand."

Defendants objected to this Request as seeking irrelevant material, as being overly broad and unduly burdensome, not likely to assist in the resolution of these claims, and as invading the attorney client privilege and the attorney work product doctrine. They argue there is no alter ego claim in the case and discovery as to FHD, Inc.'s ability to pay a judgment or whether some other parties may be liable to pay a judgment as alter egos, is premature and irrelevant until such time as a judgment has been entered.

---

[15] *Gust v. Wireless Vision, L.L.C.*, No. 15-2646-KHV, 2015 WL 9462078, at *7 (D. Kan. Dec. 24, 2015)(citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)).

Plaintiff argues that documents concerning any relationship between Brandon Vore, Sarah Vore, FHD, Inc., and any other corporate entity in which members of the Vore family have an ownership or management interest (such as FHD Holdings) are relevant to its breach of contract and fraud claims, but in particular to its conspiracy claim and allegation of a conspiracy between certain members of the Vore family.

The Court overrules all of Defendants' objections to Request 47. The requested documents are relevant to Plaintiff's conspiracy and fraud claims. Plaintiff's motion to compel with respect to Requests 47 is granted.

### J.    Request 51 (Other lawsuits)

Request 51 seeks "[a]ll non-privileged documents relating to any lawsuits or other legal actions involving Defendants and James Vore or Patricia Vore." Defendants object to this Request as seeking irrelevant material not likely to assist in the resolution of these claims and not relevant to either parties claims or defenses. They also object on the basis that non-privileged documents involving a lawsuit or legal action can be obtained without burdening them. They argue Request 51 is an improper attempt to piggyback off work of other lawyers by cloning discovery conducted in other cases or legal actions involving Defendants, and Plaintiff has failed to show any reason the Court should permit cloning discovery here. Plaintiff does not assert there is any other lawsuit or legal action involving Defendants involving the same claims or causes of action or similarly situated parties. The only purported basis for Plaintiff to request cloning discovery is that the parties to one other case—*Vore v. Vore*, District Court of Johnson County, Kansas Case No. 16CV06995—(the "2016 state court case") "addressed or touched upon" the claims made by Plaintiff in this case. Defendants argue even if any documents exchanged in the 2016 state court case were relevant in this proceeding, they are properly sought through direct

16

requests made by Plaintiff in this lawsuit rather than by a blanket request for the entirety of documents produced and correspondence exchanged.

Plaintiff argues in its reply that there are highly material documents and communications from the 2016 state court case that Defendants have never produced in this lawsuit. It points out that Brandon Vore was deposed in the 2016 state court case, but Defendants have not produced that deposition either, even though the transcript and the exhibits appear to intersect with several issues in this case. It provides an excerpt from the November 8, 2017 deposition of Brandon Vore, wherein he testified how the FHD entity was set up and owned by his wife, Sarah Vore.

The Court sustains in part Defendants' relevance objections to Request 51. The Court finds the Request's broad language asking for documents relating to "any lawsuits or other legal actions" involving Defendants and James or Patricia Vore seeks documents that would not be relevant to the claims and defenses in this case. With respect to the 2016 state court case, Plaintiff has sufficiently shown that some of the deposition testimony of Brandon Vore in that case is relevant to the claims asserted by Plaintiff in this case. Plaintiff's motion to compel with respect to Requests 51 is granted in part. Defendants shall produce the transcripts of all depositions taken of any Vore family member in the 2016 state court case.

## IV.     INTERROGATORY VERIFICATIONS

In footnote 1 of their Response (ECF No. 70), Defendants state they "will provide verification(s) for the responses to [Plaintiff's] interrogatories." Plaintiff states in its Reply (ECF No. 71) filed on December 6, 2017, that Defendants have not provided the referenced verifications. If they have not already done so, Defendants shall provide verifications for responses to Plaintiff's interrogatories **within fourteen (14) days of the date of this Memorandum and Order**.

## V.    EXPENSES

Plaintiff requests the Court order Defendants to reimburse its reasonable expenses incurred in bringing its motion to compel under Fed. R. Civ. P. 37(a)(5). If a motion to compel discovery is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[16] Given the nature of the rulings contained in this order, in which the Court both sustained and overruled some of Defendants' objections to the disputed discovery requests, the Court concludes that each party should bear its own respective costs with regard to Plaintiff's motion to compel.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Production and Overrule Objections (ECF No. 64) is granted in part and denied in part.  Defendants shall produce all responsive documents and interrogatory verifications ordered herein **within fourteen (14) days of the date of this Memorandum and Order**.

IT IS FURTHER ORDERED THAT each party bear its own costs related to the motion.

IT IS SO ORDERED.

Dated this 2nd day of February, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[16] Fed. R. Civ. P. 37(a)(5)(C).