IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CADENCE EDUCATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-2092-JWB-TJJ |
| | ) |
| J. BRANDON VORE, SARAH VORE, | ) |
| and FHD HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER MEMORIALIZING AND SUPPLEMENTING RULINGS FROM
JUNE 1, 2018 MOTION HEARING AND PRETRIAL CONFERENCE**

On June 1, 2018, the Court held an in-person pretrial conference and motion hearing in this case with the parties. Plaintiff appeared through counsel, Laura Sixkiller and Christopher Sevedge. Defendants appeared through counsel, Greg Spies and Angela Angotti. This order memorializes and supplements the oral rulings made during the pretrial conference.

**1. Defendants' Motion to Quash and/or for Protective Order regarding Bono and Aranya subpoenas (ECF No. 106)**

At the motion hearing, the Court ordered Defendants to advise the Court by June 4, 2018, of the date they retained their expert witness Bono and submit supporting documentation (redacted as appropriate).[1] The parties were also ordered to submit up to three pages of additional argument and legal authority on the issue of whether Bono is "required to provide a report under Fed. R. Civ. P. 26(a)(2)(B)." After reviewing the additional information and authorities submitted by the parties, the Court is now prepared to rule on the motion.

Defendants request that the Court quash the subpoenas served upon their expert witness

---

[1] *See* Minute Entry and Order from the June 1, 2018 pretrial conference and motion hearing, ECF No. 131.

Aaron Bono ("Bono") and his company, Aranya Software Technologies, Inc. ("Aranya"), or enter a protective order that the subpoenaed parties need not produce draft expert reports or disclosures under Fed. R. Civ. P. 26(b)(4)(B), or attorney-expert communications under Fed. R. Civ. P. 26(b)(4)(C). Plaintiff opposes the motion,[2] arguing that although Defendants served an expert designation listing Bono as their retained expert and provided his report, Bono is a combination fact and expert witness and is not "*required* to provide a report under Rule 26(a)(2)(B),"[3] and therefore communications between defense counsel and Bono are not protected from discovery under Rule 26(b)(4)(C). Plaintiff argues that due to Bono's longstanding business relationship with Defendants and his direct knowledge of facts relevant to Defendants' counterclaims, Defendants should not be able to shield all attorney communications with Bono simply by purporting to retain him as an expert and provide a report. In support of its argument, Plaintiff points to Bono's deposition testimony stating that he first learned of this litigation after Plaintiff served him with a subpoena on November 7, 2017. Plaintiff further argues that Bono should not be considered a retained expert because the conclusions in his report are based upon his own direct knowledge as a fact witness and not based upon information provided by others or from other sources.

Federal Rule of Civil Procedure 26(b)(4) governs discovery related to experts and provides trial-preparation protections for certain expert-related discovery. Rule 26(b)(4)(B) protects "drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form

---

[2] During the hearing before the Court, Plaintiff conceded that drafts of Bono's disclosures and expert reports are protected under Fed. R. Civ. P. 26(b)(4)(B).

[3] Fed. R. Civ. P. 26(b)(4)(C) (emphasis added).

in which the draft is provided." Rule 26(b)(4)(C) extends attorney work product protection to communications between the party's attorney and any expert witness required to provide a report, with three exceptions. The Rule provides:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.[4]

At issue in this case is whether Bono, given his dual or hybrid status as a combination fact and expert witness with direct knowledge of many of the events giving rise to, as well as the property at issue in Defendants' conversion and trespass counterclaims, is a witness "*required* to provide a report under Rule 26(a)(2)(B)," and thus subject to the protections for attorney-expert communications set forth in Rule 26(b)(4)(C). Under the general expert disclosure rule, Fed. R. Civ. P. 26(a)(2)(A), a party is required to disclose to the other parties the identity of any expert witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosing party must also provide a written report prepared and signed by the witness and containing all the information set forth in Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).[5]

---

[4] Fed. R. Civ. P. 26(b)(4)(C).

[5] Fed. R. Civ. P. 26(a)(2)(B).

Before the 2010 amendments, the Rule 26(a)(2) expert disclosure requirements addressed only one category of witnesses who were required to provide written reports: "those retained or specially employed to provide expert testimony." The 2010 amendment of Rule 26 created a distinction between "reporting" and "non-reporting" experts.[6] The Rule 26(b)(4)(C) protection for attorney-expert communications relies upon this distinction and only extends work product protections to attorney communications with reporting experts.[7] The Rule does not protect communications between the attorney and non-reporting experts.[8] However, a non-reporting witness may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.[9]

If a witness will be testifying as both a fact and expert witness as, for example, a treating physician might, a report complying with Rule 26(a)(2)(B) will be required if the proposed opinion testimony of the treating physician "extends beyond the facts made known to him during the course of the care and treatment of the patient and the [treating physician] is specifically retained to develop specific opinion testimony."[10] "In considering whether a treating physician

---

[6] Fed. R. Civ. P. 26 (a)(2)(C) advisory committee's note to 2010 amendment (emphasis added).

[7] In contrast, the Rule 26(b)(4)(B) protection for drafts of expert reports and disclosures applies to all witnesses identified, whether they are required to provide reports under Rule 26(a)(2)(A) or are the subject of disclosure under Rule 26(a)(2)(C). Fed. R. Civ. P. 26(b)(4) advisory committee's note to 2010 amendment.

[8] Fed. R. Civ. P. 26 (b)(4) advisory committee's note to 2010 amendment.

[9] Fed. R. Civ. P. 26 (a)(2)(C) advisory committee's note to 2010 amendment.

[10] *Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *4 (D. Kan. July 18, 2014) (quoting *Wreath v. United States,* 161 F.R.D. 448, 450 (D. Kan. 1995)). *See also Hayes v. Am. Credit Acceptance, LLC,* No. 13-2413-RDR, 2014 WL 3927277, at *2 (D. Kan. Aug. 12, 2014) (treating physician was not required to provide a report under Rule 26(a)(2)(B) when his anticipated opinion

must be disclosed as an expert, the court should consider the particular opinions the physician will express, the basis of the physician's knowledge, and the manner in which the physician obtained that knowledge."[11] If the physician will testify regarding observations grounded in personal knowledge, based on his or her treatment of the party, then the treating physician is not considered an expert witness required to provide a Rule 26(a)(2)(B) report.[12] With regard to treating physicians and other hybrid fact and expert witnesses, the determinative issue in whether an expert report is required is the scope of the witness's proposed testimony.[13] In *Chambers*, the court looked to the proposed opinions of the plaintiff's damages witness—who was not a hired, retained expert, but rather plaintiff's accountant—in deciding whether the witness was an expert "whose report must comply with the Rule 26(a)(2)(B) requirements."[14] The court concluded that the witness would be required to provide a report that complied with Rule 26(a)(2)(B) because his opinions regarding damages were based off several assumptions about the plaintiff's business that went beyond the witness's prior course of business dealings with plaintiff.[15]

---

testimony did not extend beyond the information made known to him during his care and treatment of the patient); *Richard v. Hinshaw*, No. 09-1278-MLB, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) (treating physicians are not subject to the written report requirement of Rule 26(a)(2)(B) to the extent they offer opinions only on matters within the scope of their treatment).

[11] *Stanton v. Greens at Shawnee Apartments Mgmt. Co.*, No. 11-2478-CM, 2012 WL 4867228, at *4 (D. Kan. Oct. 15, 2012).

[12] *Id.*

[13] *Chambers*, 2014 WL 3565481, at *4.

[14] *Id.*

[15] *Id.*

Defendants' expert witness in this case, Bono, appears to have a longstanding business relationship with Defendants, providing a variety of IT services over a number of years. He will likely provide non-expert fact testimony at trial in this case based upon his direct knowledge of events giving rise to, as well as the property at issue in, Defendants' conversion and trespass counterclaims. However, Bono's prior relationship with Defendants and status as a fact witness does not preclude him from also providing expert testimony in this case or determine whether he is required to provide a report under Rule 26(a)(2)(B). Defendants have specifically designated Bono as a retained expert "who may offer opinion and/or expert testimony at trial."[16] A review of Bono's 60-page report reveals that Bono does express certain opinions and conclusions that qualify as expert testimony and are based upon information provided by others or from other sources, in a manner other than through his own direct or personal knowledge. For example, applying in part "industry based best practices," Bono opines regarding the "extreme carelessness of [Plaintiff's] Information Technology practices," and he renders expert opinions regarding damages based upon the replacement cost of certain computer equipment.[17] Bono's report also states he reviewed information from other sources, such as records and communications, documents produced in this case, and photographs of the server room.[18] Notwithstanding the lack of a separate retainer agreement between Defendants and Bono setting out the details of his services as a retained expert, Defendants retained or specifically employed

---

[16] *See* Defs.' Expert Witness Disclosure, ECF No. 75.

[17] Bono expert report at 28 (filed excerpt at ECF No. 111), and 58 (submitted in camera).

[18] Bono expert report at 1.

Bono for purposes of offering opinion or expert testimony, beyond mere percipient or fact testimony, at trial in this case. The Court thus finds Bono was *required* to provide a written report under Rule 26(a)(2)(B).

Plaintiff cites two cases from other jurisdictions to support its argument that communications between counsel and hybrid fact/expert witnesses "like Bono" should not be protected under Rule 26(b)(4)(C).[19] But, the expert witnesses in *Sierra* and *Garcia* were significantly and materially different from Bono in that they were non-reporting experts. Unlike Bono, whom the Court has found is a reporting expert, the expert witnesses in those cases were employees or former employees of parties, they were not retained experts, and they did not prepare expert reports in their cases for purposes of Rule 26(a)(2)(B).[20] Indeed, in *Sierra*, the government's expert witnesses had prepared a report summarizing their percipient investigation of the fire at issue in the case, yet the parties consistently agreed that the government's experts were non-reporting witnesses. The government had also agreed that the experts would not offer any opinions that were formed after they drafted their report summarizing their percipient investigation of the subject fire. This is in stark contrast to this case, in which Bono has prepared an expert report for purposes of Rule 26(a)(2)(B) that expresses expert opinions, and in which Defendants have clearly not agreed to limit Bono's testimony to his percipient investigation. The Court finds the *Sierra* and *Garcia* cases, which involved undisputed non-reporting expert

---

[19] *Garcia v. Patton*, No. 14-CV-01568-RM-MJW, 2015 WL 13613521, at *4 (D. Colo. July 9, 2015); *United States v. Sierra Pac. Indus.*, No. S-09-2445 KJM EF, 2011 WL 2119078, at *3–5 (E.D. Cal. May 26, 2011).

[20] *Garcia*, 2015 WL 13613521, at *4.

witnesses, distinguishable and unpersuasive under the facts of this case.[21]

Having found that Bono is an expert witness required to provide a report under Rule 26(a)(2)(B), the Court holds that the Rule 26(b)(4)(B) protections for draft expert disclosures and reports, and Rule 26(b)(4)(C) protections for attorney-expert communications are applicable to the subpoenaed discovery sought from Bono and Aranya in this case. However, because Bono has a dual or combination role in this case as a fact and expert witness, the Court will limit the Rule 26(b)(4)(C) protections for attorney-expert communications to those occurring *after* Defendants retained or specially employed Bono to provide expert testimony. Defendants did not specifically engage his services or retain him as an expert witness until sometime between November 7, 2017, the date Bono testified at his deposition that he first learned of this lawsuit, and December 8, 2017, the date of the first in-person meeting between Defendants' counsel and Bono. Communications between Defendants' attorney and Bono prior to November 7, 2017—the earliest date Bono may have been retained or specially employed to provide expert testimony—are therefore not protected.

The Court notes that the Civil Rules Advisory Committee wrestled with whether to shield communications between a party's attorney and hybrid fact/expert witnesses.[22] The rationale for

---

[21] The Court also notes that *Sierra* and *Garcia* are from other jurisdictions and therefore not binding authority for this Court. Plaintiff did submit supplemental authorities, including the following two cases from the District of Kansas: *Hibu, Inc. v. Peck*, No. 16-1055-JTM, 2018 WL 372437, at *1 (D. Kan. Jan. 11, 2018) and *Ledford v. Kinseth Hospitality Companies*, No. 15-1556-GEB, 2017 WL 2556020, at *5 (D. Kan. June 13, 2017). However, the Court finds that although those cases do recognize the existence of two types of expert witnesses under amended Rule 26(a)(2)(C), reporting and non-reporting, they do not support Plaintiff's argument here that Bono is not required to provide an expert report under Rule 26(a)(2)(B).

[22] Andrea Mahady Price and Kristin L. Beckman, *Hybrid Witnesses and Federal Rule of Civil*

limiting protection for attorney-expert communications here stems from the purpose of Rule 26(b)(4)(C). The prohibition on discovery regarding attorney-expert communications in Rule 26(b)(4)(C) "is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery."[23] Because Rule 26(b)(4)(C) is thus essentially an extension of attorney work product to include attorney communications to a reporting expert, only attorney communications to the expert in the expert's role as a reporting expert and that were reasonably made "in anticipation of litigation" should be included within the scope of the Rule. Because Bono was not even aware of this lawsuit until November 7, 2017, communications prior to that time would appear to be related to his non-expert, fact-witness role in the case and should be discoverable.

The Court therefore grants a protective order with respect to any subpoena request to Bono or Aranya to the extent it requests production of drafts of expert disclosures or reports protected from disclosure under Fed. R. Civ. P. 26(b)(4)(B). The Court further grants a protective order with respect to any subpoena request to Bono or Aranya to the extent it requests production of any attorney-expert communications, occurring after November 7, 2017, protected from disclosure under Fed. R. Civ. P. 26(b)(4)(C) and not within any of the three exemptions under subsections (i)-(iii).

Because Defendants are withholding materials for which the protection may be waived, i.e., by disclosure to a third party, the Court will further require Defendants to produce a log

---

*Procedure 26*, 11 Mass Torts Litig. 6, 9 (2012).

[23] Fed. R. Civ. P. 26(b)(4)(C) advisory committee's note to 2010 amendment.

listing all subpoenaed documents Bono and Aranya are withholding as protected from discovery under Fed. R. Civ. P. 26(b)(4)(C). **On or before June 22. 2018**, Defendants shall provide a log identifying all documents withheld from production under Fed. R. Civ. P. 26(b)(4)(C). This log shall include the following information: a description of each document withheld, the date prepared or sent, the identity of the person who prepared or sent the document, the identity of the person for whom the document was prepared and to whom it was sent and or copied, the number of pages, and the protection claimed (attorney-expert communication).[24]

### 2. Defendants' Motion for Protective Order Regarding 30(b)(6) Deposition Notice to FHD, Inc. (ECF No. 121)

Defendants' motion requests a protective order with respect to the Rule 30(b)(6) deposition of Defendant FHD, Inc.'s corporate representative. Defendants assert relevance, overly broad, and/or vague and ambiguous objections to Topics 1, 3–5, 7, 14–15, 17, and 23–24. As stated during the motion hearing, the Court grants in part and denies in part Defendants' motion. To the extent that any objection is based upon the subpoena or any deposition topics referencing FHD, Inc. rather than FHD Holdings, Inc., the Court overrules those objections. Defendants have stipulated that the reference to "FHD, Inc." on the Sublease at issue in this case is a misnomer and should have been "FHD Holdings, Inc." Defendants further acknowledged that Defendant FHD Holdings, Inc., and not FHD, Inc., is the entity which has been defending in this action. Accordingly, the Court finds that all references in the Rule 30(b)(6) deposition notice to FHD, Inc. are construed to instead refer to FHD Holdings, Inc.

---

[24] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.,* 211 F.R.D. 658, 661–62 (D. Kan. 2003) (setting forth minimum requirements for a privilege log).

With respect to the specific objections asserted to certain deposition topics, the Court overrules all Defendants' objections to Topics 3, 5, amended 7, 14, 15, 17, and 24. Defendants' objections to Topics 1, 4, and 23 are granted in part as follows:

Topic 1 shall be limited to the formation and creation of FHD Holdings, Inc. and to Kansas Secretary of State filings reflecting formation and ownership at the time the Sublease was executed on February 26, 2016.

Topic 4 shall be limited to the time one year preceding the Sublease (February 26, 2015) through the present.

Topic 23 shall be limited to details of any involvement of FHD Holdings, Inc. or its principals "in" (versus "concerning") the acquisition by Plaintiff of the assets owned by Small Beginnings, Inc.

The Rule 30(b)(6) deposition of FHD Holdings, Inc.'s corporate representative shall be completed before **June 22, 2018**. Additionally, the Court will set a four (4) hour time limit on the 30(b)(6) deposition of FHD Holdings, Inc.'s corporate representative. If counsel for Plaintiff has reason to believe that the corporate representative is engaging in excessive time-wasting during the deposition, counsel may stop the deposition and contact chambers to provide appropriate instructions to the witness or to request additional deposition time.

### 3. Defendants' Motion for Protective Order Regarding Cogent Investments Subpoena (ECF No. 123)

At the hearing, Defendants advised the Court that since filing their motion they offered the entirety of the second floor for Plaintiff to inspect, and Plaintiff was able to conduct the inspection, thereby rendering the motion moot. Plaintiff disputed that the motion is moot. It contends the prior two-hour inspection allowed by Defendants was inadequate due to the number of hard drives containing ESI found during the inspection, and its counsel did not have sufficient time to inspect the contents or to image each hard drive found. Defendants argue that many of the hard drives are old and do not contain ESI relevant to the claims in this case.

The Court denied Plaintiff's request to image the hard drives found during the inspection, finding that imaging was beyond the inspection requested in the subpoena. The Court further recognized Defendants' valid argument that many of the hard drives may contain old and irrelevant information, as well as the legitimate concerns raised by Plaintiff that inspection of hard drives will require viewing of at least the file directory for relevant files and data. The Court ordered the parties to meet and confer to see if they can agree to limit the scope of any further inspection of hard drives found during the earlier inspection. The Court provisionally set a follow-up telephone status conference for June 5, 2018 at 10:00 AM (central time) to address any remaining unresolved disputes with respect to any follow-up inspection of the hard drives and other devices.

The parties have subsequently advised the Court that they have worked out an agreed procedure for further inspection of the hard drives at issue. The Court therefore finds

Defendants' Motion for Protective Order Regarding Cogent Investments Subpoena (ECF No. 123) to be moot.

### 4. Amendments to Case Deadlines and Settings

Given the outstanding issues raised at the motion hearing, the Court will not enter the parties' proposed pretrial order but will hold it in abeyance pending the completion of the Rule 30(b)(6) deposition of FHD Holdings, Inc.'s corporate representative, compliance with the Bono and Aranya subpoenas, and other outstanding discovery. A subsequent in-person pretrial conference is set on **June 25, 2018 at 10:00 am (central time)**. The parties shall submit their updated proposed pretrial order, with the revision discussed at the June 1, 2018 pretrial conference, on or before the **close of business (5:00 pm central time) on June 21, 2018**. The discovery deadline is extended to June 22, 2018 and the dispositive motion deadline is extended to **July 20, 2018**. The Court cautioned the parties that no further extensions will be granted absent extraordinary circumstances.

The trial date before District Judge Broomes, as well as other trial-related deadlines, will be reset at the June 25, 2018 pretrial conference,

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Quash and/or for Protective Order regarding Bono and Aranya subpoenas (ECF No. 106), which supersedes their earlier filed motion (ECF No. 89), is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Protective Order Regarding 30(b)(6) Deposition Notice of FHD, Inc. (ECF No. 121) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Defendants' Motion for Protective Order Regarding Cogent Investments Subpoena (ECF No. 123) is found to be moot.

IT IS SO ORDERED.

Dated this 7th day of June 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge