IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CADENCE EDUCATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-2092-JWB |
| | ) | |
| J. BRANDON VORE, SARAH VORE, | ) | |
| and FHD HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MEMORIALIZING RULINGS FROM**
**JUNE 25, 2018 MOTION HEARING AND PRETRIAL CONFERENCE**

On June 25, 2018, the Court held an in-person motion hearing and pretrial conference in this case with the parties. Plaintiff appeared through counsel, Laura Sixkiller and Sean Colligan. Defendants appeared through counsel, Greg Spies, Angela Angotti, and Adam Gasper. This order memorializes the oral discovery rulings made during the motion hearing.[1]

1. **Defendants' Motion to Overrule Objections and to Compel Supplemental Responses (ECF No. 130)**

For the reasons stated on the record at the hearing, Defendants' motion is granted in part and denied in part as follows:

    a)    **Defendants' Second RFAs 25, 26, 32, 36, and 37**

Plaintiff's general objections to Defendants' Second Requests for Admission ("RFAs") 25, 26, 32, 36, and 37 are overruled. Consistent with the authorities cited in Defendants' motion,

---

[1] The Court's oral rulings made during the pretrial conference on the parties' objections asserted in the parties' proposed pretrial order are set forth on the record and reflected in the Pretrial Order (ECF No. 147).

namely *Barcus v. Phoenix Ins. Co.*[2] Plaintiff's general objections are improper and worthless in this district. Plaintiff shall serve amended non-conditional responses to these RFAs.

        **b)**       **Defendants' Second RFAs 34, 35, 39, and 40–43**

Plaintiff's responses to Defendants' Second RFAs 34, 35, 39, and 40–43 are overruled as improper conditional objections, i.e., a laundry list of objections with denials subject to those objections. Plaintiff's objections to these RFAs are also improper to the extent they assert that the requests for admission turn on legal issues or call for legal conclusions. Such objections are contrary to Federal Rule of Civil Procedure 36(a)(5). In addition, to the extent Plaintiff's responses assert attorney-client privilege concerns, the Court has reviewed Plaintiff's responses and finds the RFAs do not raise requests for attorney-client privileged communications to which there could be a valid objection asserted on that basis. Plaintiff shall serve amended non-conditional responses to these RFAs.

Counsel for the parties shall confer and agree upon a common dictionary-based definition of the term "occupy" or any derivative of "occupy" (e.g., "occupied," "occupies") just for purposes of responding to their mutual discovery responses that contain those terms. The parties shall be consistent and respond to discovery requests uniformly using the agreed-upon definition of the term "occupy." The parties may add a disclaimer to the "occupy" definition used in their discovery responses to make clear that the definition is adopted pursuant to this ruling by the Court and without prejudice to any argument the parties may raise during summary judgment briefing and/or trial regarding the definition of "occupy" that should apply.

---

[2] No. 17-2492-JWL-KGG, 2018 WL 1794900, at *2 (D. Kan. Apr. 16, 2018).

     **c)**     **Defendants' Fourth RFPs 26–28 (RSM McGladrey documents)**

Plaintiff's objections to Defendants' Requests for Production ("RFPs") 26–28 are overruled. The Court finds there is at least marginal relevance to the documents being requested and overrules the objections asserted. Plaintiff shall supplement its responses to Requests for Production 26–28 and produce any responsive documents.

     **d)**     **Supplemental Response to Defendants' First RFAs 7 and 8 (footage occupied by Plaintiff)**

Plaintiff's responses to RFAs 7 and 8 are improper responses based upon conditional objections. Plaintiff's original response was a conditional objection and it still is when "subject to these objections" is added to the response. Plaintiff's objections to RFAs 7 and 8 are overruled, and Plaintiff shall respond with proper admissions and/or denials based upon the definition of "occupies" that counsel agree upon.

     **e)**     **Supplemental Responses to Defendants' November 17, 2017 Interrogatory**

Plaintiff's response to Defendants' November 17, 2017 Interrogatory 1 is stricken and Plaintiff is ordered to serve a supplemental response that uses the parties' agreed- upon definition of the word "occupy."

**2.**     **Plaintiff's Motion to Overrule Objections and Deem Admissions or Compel Supplemental Responses to Requests for Admission, and to Compel Further Responses to Related Requests for Production (ECF No. 127)**

Plaintiff's motion is granted in part and denied in part as follows:

a)    **Plaintiff's First RFA 1 (Brandon Vore ownership documents)**

Defendants' response to RFA 1 leaves open and unclear whether they have any documents that show Brandon Vore owned the referenced computer hardware, computer equipment, and/or servers at issue. Defendants' response is also too narrow in that it appears to be limited to ownership reflected in titles or bills of sale, and not to include other documents that might reflect ownership, such as receipts or invoices. Consistent with Rule 36, Defendants shall serve an amended or supplemental response that more precisely admits or denies whether they have any document, as broadly defined in the request, responsive to RFA 1.

b)    **Plaintiff's First RFA 2 (Sarah Vore ownership documents)**

Defendants' response fails to fully respond to RFA 2. Defendants' current response leaves it open whether Defendants have documents showing Sarah Vore owned or owns any of the identified computer equipment and/or server(s). Defendants shall serve an amended response to Plaintiff's RFA 2 that clearly admits or denies whether they have any of the documents, as defined broadly in the request, responsive to RFA 2.

c)    **Plaintiff's First RFAs 4 and 5 (whether Brandon or Sarah Vore leased or sublet)**

Defendants' objections to RFAs 4 and 5 are sustained. The term "leased" is vague in these requests for admission. Defendants appear to have reasonably construed the verb "leased" consistent with the primary definition of the verb in Black's Law Dictionary in their responses. Defendants properly responded and objected to RFAs 4 and 5.

d)    **Plaintiff's First RFAs 27–36 (room usage)**

The Court questions whether and, if so, how relevant the specific uses of specific rooms

identified in these RFAs are to the issues in this case. But nonetheless, for purposes of discovery, it is the Court's view Plaintiff is entitled to responses to these requests for admissions. At the hearing, Plaintiff did show at least some relevance for its requests for admission 27–36, which ask Defendants to admit or deny whether identified rooms were being used for a specified purpose during the February 1 through February 25, 2016 time period. This includes whether anyone or any entity used whatever classrooms or rooms are referenced in the requests for admission and, in some requests, the type of use. Defendants may respond that they do not have information to admit or deny the request for admission if they have made a good faith inquiry. However, even if Defendants themselves did not use the space, but they have knowledge regarding its use, Defendants shall admit or deny the request for admission to the extent of their knowledge. If accurate, Defendants may add a disclaimer to their responses that none of the Defendants used the space, as long as Defendants admit or deny whether someone was using it. Defendants' responses also shall be responsive to the specific use identified in the particular requests for admission.[3]

Defendants' responses, to RFAs 27, 29, 30, 31, 32, 33, 35 and 36 must be supplemented or amended as indicated above. Defendants' responses to RFAs 28 and 34 are responsive and appropriate.

e)    **Plaintiff's First RFAs 37–39 (square footage being occupied)**

The Court finds Defendants failed to provide meaningful responses to RFAs 37–39.

---

[3] For example, Plaintiff's First RFAs 29 and 30 sought admissions regarding use as a "pre-kindergarten classroom" and "infant room," respectively, but Defendants' responses admitted the spaces were used for "childcare services."

Defendants shall serve amended responses fully responsive to RFA 37–39, using the parties' agreed definition of the word "occupied." Defendants' amended responses to these requests for admission shall admit or deny these requests with the understanding that the term "Small Beginning School" means the school building itself and does not include the parking lot.

       **f)**      **Plaintiff's Second RFPs 65 and 66 (ownership documents)**

Defendants represented to the Court that they have produced all documents responsive to RFPs 65 and 66, but there may be responsive documents in the possession of a third-party, such as RSM McGladrey. Defendants shall serve amended or supplemental responses to Plaintiff's Second RFPs 65 and 66 reflecting that to the best of their knowledge, Defendants have produced all responsive documents.

To the extent Plaintiff has in its possession anything it received from RSM McGladrey, it shall produce it to Defendants to the extent it is responsive to any discovery request, including Defendants' Fourth RFPs 26–28 discussed above.

**3.**      **Plaintiff's Motion to Strike Affidavit Testimony Submitted by Defendants (ECF No. 144) and Plaintiff's Motion for Leave to File Under Seal (ECF No. 145)**

At the Court's request, Defendants agreed to withdraw the affidavits (ECF Nos. 143-1, 143-2, and 143-3) filed with their Reply in support of their Motion to Overrule Objections and to Compel Supplemental Responses, without prejudice to Defendants' efforts to introduce such affidavits in subsequent briefing or at trial. Based upon Defendants' withdrawal of these affidavits, Plaintiff's Motion to Strike Affidavit Testimony Submitted by Defendants (ECF No. 144) and Plaintiff's related Motion for Leave to File Under Seal (ECF No. 145) are denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Overrule Objections and to Compel Supplemental Responses (ECF No. 130) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Overrule Objections and Deem Admissions or Compel Supplemental Responses to Requests for Admission, and to Compel Further Responses to Related Requests for Production (ECF No. 127) is granted in part and denied in part.

**IT IS FURTHER ORDERED** all amended or supplemental responses or discovery ordered herein shall be served within **ten (10) days of the date of this Order**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike Affidavit Testimony Submitted by Defendants (ECF No. 144) and Plaintiff's related Motion for Leave to File Under Seal (ECF No. 145) are denied as moot. The Clerk's Office is instructed to withdraw the affidavits filed by Defendants, and identified as ECF No. 143-1, 143-2, and 143-3, from the Court's docket by blocking public view of the documents.

**IT IS FURTHER ORDERED** that each party shall bear their own costs related to these motions.

IT IS SO ORDERED.

Dated this 26th day of June 2018, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

7