IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CADENCE EDUCATION, LLC,

        Plaintiff,

v.                                                                                                                                 Case No. 17-2092-JWB

J. BRANDON VORE, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Cadence Education's Motion for Leave to File Exhibits Under Seal (Doc. 160). The motion asserts that the exhibits should be sealed because they were designated as confidential under the protective order entered in this case. The standards governing sealing court records were summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

Cadence Education's motion fails to identify any basis for sealing the exhibits in question, let alone one that outweighs the public interest in access to court records. The Tenth Circuit has held that "the parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access..." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *see also Gipson v. Sw. Bell Tel. Co.*, No. CIV A 08-CV-2017 KHV, 2008 WL 4712828, at *1 (D. Kan. Oct. 23, 2008) (denying motion to

seal on the basis that the documents were designated confidential under the protective order.) Absent a showing of the privacy interests or other factors that justify sealing these records, the court cannot grant the motion.

Cadence Education's Motion for Leave to File Under Seal (Doc. 160) is DENIED. The denial is without prejudice to refiling a motion that contains an adequate showing for sealing the exhibits.

IT IS SO ORDERED this 25th day of July, 2018.

                                                ___s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE