IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CADENCE EDUCATION, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-2092-JWB ) |
| J. BRANDON VORE, SARAH VORE, and FHD HOLDINGS, INC., | ) ) ) |
| Defendants. | ) ) |

## ORDER

On September 26, 2018, the Court held an in-person hearing regarding Defendants' Motion for Sanctions Against Plaintiff Cadence Education for Discovery Abuses (ECF No. 161). Plaintiff appeared through counsel, Laura Sixkiller, Sean Colligan, and Julie Linaman. Defendants appeared through counsel, Greg Spies, Angela Angotti, and Adam Gasper. This order memorializes the oral rulings made during the motion hearing.

The basis for Defendants' motion is Plaintiff's failure to adequately investigate the CS-DB02 server ("DB02") while discovery was ongoing. Defense counsel contend Plaintiff's counsel told them the drive(s) on the server had been destroyed or erased during a September 27, 2017 meeting. On April 10, 2018, Plaintiff's expert Ed Shoro also testified during his deposition that he had "wiped" DB02 himself, and that there was only one hard drive within the DB02 server. However, during Mike Hill's deposition on May 18, 2018, there was testimony indicating additional hard drives had been transferred onto DB02. At that time, Plaintiff inspected DB02 again, but claims it still found only one hard drive. A photo was taken and provided to defense counsel showing the single hard drive.

However, on June 20, 2018, Plaintiff instructed another expert, Shawn Fleury, to conduct

additional investigation into DB02 using "a special tool," which showed the existence of a second hard drive.[1] Although Plaintiff and its counsel learned about the second hard drive on June 22, 2018, three days before the June 25, 2018 pretrial conference, Plaintiff's counsel did not inform defense counsel until June 29, 2018.

The Court finds Plaintiff violated Fed. R. Civ. P. 26(a)(1)(A)(ii), which provides that a party must, without awaiting a discovery request, provide to the other parties a copy "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." Plaintiff claims it sought the more in-depth investigation into DB02 on June 20, 2018 because Defendants requested it, but also because Plaintiff hoped to prove that DB02 did not contain the additional hard drive(s) that are the subject of Defendants' counterclaims. In other words, Plaintiff thought the DB02 server would support its defenses to the counterclaims, therefore accurate information regarding DB02 (which has been in Plaintiff's custody, possession and control at all times material hereto) should have been timely disclosed to Defendants.

The Court finds the duty here was especially important because Plaintiff's Rule 30(b)(6) witness gave misleading or incomplete testimony that DB02 had been wiped. And, the same witness gave testimony that DB02 contained only one hard drive, which turned out to be inaccurate. Certainly, Mr. Hill's testimony alerted Plaintiff to the likely existence of additional DB02 hard drive(s). Plaintiff's investigation after Mr. Hill's testimony was incomplete because it still did not discover the second hard drive until more than a month later. Plaintiff had a duty to investigate and inspect DB02 well in advance of June 2018.

---

[1] ECF 167 at 6–8.

Plaintiff's biggest lapse in judgment was failing to disclose the existence of the second hard drive upon its discovery, and definitely before or during the pretrial conference on June 25, 2018. Counsel for Plaintiff acknowledged that the discovery of the second hard drive was a significant discovery. Counsel owed a duty of candor to the Court and opposing counsel,[2] yet failed to disclose this discovery to Defendants' counsel until four days after the pretrial conference and three days after the pretrial order was entered.[3] This was a critical error, which deprived the Court and counsel of an opportunity prior to entry of the pretrial order to address the potential need for additional discovery and any other potential issues arising out of the tardy disclosure of the second hard drive.

Finding that Plaintiff violated Rule 26(a)(1)(A)(ii) and (e), the Court considers whether sanctions are appropriate. Defendants request the Court award sanctions pursuant to Fed. R. Civ. P. 37(c), including default judgment and monetary penalties. Rule 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26, the Court may impose various sanctions, including those which the Court discusses below.[4]

### I. Defendants' Request for Default Judgment

Defendants ask the Court to enter a default judgment on their conversion counterclaims. Based upon the facts and circumstances in this case, the Court declines to enter such "a harsh sanction."[5] Due process requires that the actions giving rise to the sanction of default judgment "must be the result of willfulness or bad faith."[6] While the Court finds Plaintiff's counsel

---

[2] KRPC 3.3. *See also* D. Kan. Rule 83.6.1.

[3] ECF 161-6 at 3.

[4] Fed. R. Civ. P. 37(c)(1).

[5] *Cardenas v. v. Dorel Juvenile Grp., Inc.*, No. 04-2478 KHV-DJW, 2006 WL 1537394, at *5 (D. Kan. June 1, 2006) (quoting *FDIC v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992)).

[6] *Id.* (citing *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987)).

exercised poor judgment, the Court does not find they acted willfully or in bad faith, or that they intentionally concealed information.

Additionally, Plaintiff raises several legal bases in its Motion for Summary Judgment on Defendants' counterclaims[7] that could defeat the counterclaims irrespective of the issues raised in the Motion for Sanctions. Much of Plaintiff's summary judgment argument centers on ownership of the equipment at issue, specifically that Defendants do not own the equipment and therefore lack standing for their conversion claims. This issue is separate from whether Plaintiff removed the equipment and then failed to sufficiently investigate it. Defendants' request for default judgment is denied.

## II. Sanctions Agreed Upon by the Parties

Defendants ask the Court alternatively to award monetary or other sanctions against Plaintiff. During a recess in the hearing, the parties conferred and agreed upon certain sanctions that were then adopted and ordered by the Court pursuant to Fed. R. Civ. P. 37(c), summarized as follows. Plaintiff shall pay to transport DB02 to Kansas City. DB02 will then remain at the offices of Stinson Leonard Street, where Defendants may have their expert inspect it with a representative from Plaintiff present. Plaintiff's representative shall be an attorney or other bystander observer, not a witness or potential witness. Plaintiff's representative shall accommodate Defendants' expert's schedule.

Defendants may serve an expert report limited to the DB02 inspection, in accordance with Fed. R. Civ. P. 26(a)(2)(B), within three weeks from the date DB02 is made available at the Stinson offices, if they so choose. Defense counsel indicated they won't know whether they will do so until after their expert is able to examine DB02. Plaintiff requested to supplement its

---

[7] ECF No. 158.

report, if it believes it is necessary, after reviewing any report regarding DB02 that Defendants submit. The Court denied Plaintiff's request, but ruled that Plaintiff may file a timely motion seeking permission to supplement its report, if it believes it necessary after receiving the report from Defendant's expert.

Plaintiff shall also pay the reasonable costs and fees for the depositions of Mr. Ed Shoro and Mr. Michael Hill, including the costs of the court reporter, travel expenses for Mr. Shoro, and Defendants' attorneys' fees during actual deposition time. The depositions shall be limited to questions about the DB02 hard drives.

Finally, on or before October 1, 2018, Plaintiff's designated IT expert must speak with Mr. Brandon Vore to work out a way for Defendants to access the imaged file previously provided to them by Plaintiff. Defendants claim it is currently only accessible with the EnCase program, which Defendants do not have. If the parties are not able to resolve this issue by October 1, they are to contact the Court immediately to arrange a phone conference.

### III. Defendants' Request for Additional Monetary Sanctions

Defendants also request reasonable costs related to the filing of the Motion for Sanctions. Defendants did not provide a specific amount. The Court takes the request under advisement. Defendants shall submit their billing statements for their "reasonable" time in briefing their motion for sanctions and in appearing at the hearing on the motion, by October 8, 2018. Plaintiff's response, including any request for an evidentiary hearing on the issue of monetary sanctions, will be due October 22, 2018.

**IT IS SO ORDERED.**

Dated October 2, 2018 in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge